Filed 6/28/21  P. v. Rodriguez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GONZALO ROMERO RODRIGUEZ,<br><br>    Defendant and Appellant. | H046436<br>(Santa Clara County<br>Super. Ct. No. C1756657) |

A jury acquitted defendant Gonzalo Romero Rodriguez of nine felony counts of assault, sexual abuse, and making criminal threats but convicted him of misdemeanor battery on a person with whom he had a dating relationship.  Defendant pleaded no contest to possession of a controlled substance.  The trial court sentenced defendant to 365 days in county jail, which the court deemed satisfied by time served; the court also imposed various fines and fees.  During the pendency of this appeal, the trial court ordered those fines and fees stricken or stayed.

On appeal, defendant's counsel filed an opening brief in which no issues are raised and asked this court to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436.  We sent a letter to defendant notifying him of his right to submit a written argument on his own behalf on appeal.  He has not done so.

Finding no arguable appellate issue, we affirm.  We will provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed," as required by *People v. Kelly*

(2006) 40 Cal.4th 106, 110. We will further include information about aspects of the trial court proceedings that might become relevant in future proceedings. (*Id*. at p. 124.)

## I. FACTUAL SUMMARY

Defendant and Veronica E. began dating in the spring or summer of 2016. Shortly thereafter, they began living together in a room he rented in a house in San Jose. Several other people lived in the house as well. Veronica testified that defendant was controlling, aggressive, and abusive from the start of their relationship. She said that she moved in with him, not because she wanted to, but out of fear because he threatened her. By contrast, defendant testified that Veronica moved in with him because she said she was pregnant and her existing housing was unstable; she later told him that she miscarried. Veronica testified inconsistently as to whether she ever told defendant she was pregnant. She eventually testified that she was unable to have more children due to an operation and admitted to lying to defendant about being pregnant.

Veronica testified that defendant physically abused her on a daily basis. He would hit her in the face, pull her hair, twist or bend back her fingers, put his hands around her neck, and threaten her with a knife. Veronica testified that defendant sexually abused her on approximately five occasions, having forcible vaginal and anal sex with her. Veronica reported some of the abuse to police on January 24, 2017. She reported that, in the past, defendant had hit her, broken her finger, pulled her hair, and threatened her with a knife. Veronica initially falsely told the officer she spoke with that day that she had never been arrested, but later admitted to him that she had been.

On the morning of January 30, 2017, Veronica drove defendant to a court appearance. According to Veronica, they were broken up at this point and she drove him because he threatened her. They got into a fight in the car after the court appearance. Veronica testified that defendant hit her in the face, kicked her, and twisted her fingers as she drove. At a stop light, he turned the car off, took the keys out of the ignition, got out of the car, and walked away with the keys, leaving Veronica and the vehicle in the middle

2

of the road. Defendant admitted to taking the keys from the ignition but denied physically assaulting Veronica. He testified that he was moving and needed Veronica's keys; she refused to give them to him, so he took them.

Veronica called 911 after defendant left her stranded. The fire department responded first and taped two of Veronica's fingers because she was complaining of pain. A responding police officer observed that Veronica had a half-inch cut on the ring finger of the same hand as the taped fingers. The officer did not see any bruising on Veronica's face or arms but noted that it can take a day or more for bruises to develop.

One of Veronica's ex-boyfriends testified that she falsely told him she was pregnant.

## II.    PROCEDURAL HISTORY

In 2017, the Santa Clara County District Attorney charged defendant with three counts of sodomy by force (Pen. Code § 286, subd. (c)(2)(A); counts 1-3)[1]; three counts of inflicting corporal injury on a person with whom he had a dating relationship (§ 273.5; counts 4, 6, & 9); assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4); count 5); assault with a deadly weapon (§ 245, subd. (a)(1); count 7); criminal threats (§ 422; count 8); and possession of a controlled substance (Health & Saf. Code § 11377, subd. (a); count 10). Veronica was identified as the victim of counts 1 through 9. The information further alleged that defendant was out of custody on supervised own recognizance at the time he committed counts 1 through 5. (§ 12022.1).

On June 29, 2018, defendant pleaded no contest to possessing a controlled substance (Health & Saf. Code § 11377, subd. (a); count 10). The case proceeded to trial on the remaining counts. During the prosecutor's case-in-chief, defense counsel moved for a mistrial on the ground that Veronica had mentioned drug use by defendant multiple times during her testimony in violation of a pretrial ruling. The court denied the motion,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

3

ruled that no further drug-related evidence would be permitted, and offered the give a curative instruction, which defense counsel declined. Later, defense counsel moved for a mistrial based on assertedly prejudicial questions the prosecutor asked of one of defendant's character witnesses. At the same time, defense counsel moved for a judgment of acquittal pursuant to section 1118.1 The trial court denied both motions.

Jurors found defendant not guilty of counts 1 through 8. As to count 9, the jury found defendant not guilty of inflicting corporal injury on a person with whom he had a dating relationship (§ 273.5), but guilty of the lesser included offense of simple battery of a person with whom he had a dating relationship (§ 243, subd. (e)). Count 9 was based on the incident during which defendant took Veronica's vehicle keys and left her stranded on the road and after which she had finger pain and a cut.

At a September 13, 2018 sentencing hearing, the trial court sentenced defendant to 365 days in county jail on count 9 and 365 days in county jail on count 10, to be served concurrently. The court imposed a $165 restitution fine (§ 1202.4, subd. (b)); an $80 court operations assessment fee (§ 1465.8); a $60 criminal conviction assessment fee (Gov. Code, § 70373); and a $50 domestic violence fee. The court awarded defendant a total of 365 days of presentence credits, consisting of 183 days of actual custody and 182 days of conduct credits and deemed defendant's sentence served.

Defendant timely appealed.

Defendant filed a since-stricken opening brief in which he argued that the fines and fees the trial court imposed violated his due process rights, invoking *People v. Dueñas* (2019) 30 Cal.App.5th 1157. The Attorney General responded that section 1237.2 required defendant to move the trial court to correct the alleged error in the imposition of fines and fees before he could appeal. Defense counsel sought relief in the trial court. On March 4, 2021, the trial court issued an order striking the court operations assessment fee, the criminal conviction assessment fee, and the domestic

4

violence fee and staying the restitution fine.  Thereafter, defendant successfully moved this court to strike his opening brief and replace it with a *Wende* brief.

## III.   DISCUSSION

Having examined the entire record, we conclude that there are no arguable issues on appeal.

## IV.   DISPOSITION

The judgment is affirmed.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.


_____

DANNER, J.


*People v. Rodriguez*
H046436